UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HARVEY PRESTON,

       Petitioner,                    Civil Case No. 21-12196

v.                                       Honorable Linda V. Parker

WARDEN MIKE BURGESS,

       Respondent.
_____/

**OPINION AND ORDER (1) TRANSFERRING THIS CASE TO THE SIXTH CIRCUIT COURT OF APPEALS AS A SECOND OR SUCCESSIVE HABEAS PETITION, (2) DENYING THE SECOND APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS (ECF NO. 7), AND (3) DENYING THE REQUESTS FOR INJUNCTIVE RELIEF (ECF NOS. 10, 11)**

Petitioner, Harvey Preston ("Preston"), filed a pro se petition and amended petition for the writ of habeas corpus under 28 U.S.C. § 2254. (*See* ECF Nos. 1, 6.) The petitions challenge Preston's Oakland County convictions for carjacking, Mich. Comp. Laws § 750.529a, first-degree home invasion, Mich. Comp. Laws § 750.110a(2), unarmed robbery, Mich. Comp. Laws § 750.530, and second-degree criminal sexual conduct, Mich. Comp. Laws § 750.520c(1)(c). Preston challenged the same convictions in a previous petition that was denied on the merits, and he has not complied with the gatekeeping requirements of 28 U.S.C. § 2244(b) by seeking and obtaining permission from the Court of Appeals to file another habeas petition challenging the same convictions. The Court, therefore, is transferring this

case to the Sixth Circuit Court of Appeals for a determination of whether this Court may adjudicate the merits of Preston's claims.

## I.  BACKGROUND

Following a jury trial in 2010, an Oakland County Circuit Court jury found Preston guilty of carjacking, first-degree home invasion, unarmed robbery, and two counts of second-degree criminal sexual conduct. The trial court sentenced Preston to 30 to 60 years in prison for the carjacking, 15 to 30 years for the home invasion, and 15 to 22½ years for the robbery and criminal sexual conduct. The Michigan Court of Appeals affirmed Preston's convictions, *see People v. Preston*, No. 298796, 2012 WL 5853223 (Mich. Ct. App. Oct. 30, 2012), and on April 29, 2013, the Michigan Supreme Court denied leave to appeal. *See People v. Preston*, 829 N.W.2d 225 (Mich. 2013).

In 2014, Preston challenged his convictions in a habeas corpus petition, which he filed in this District. *See Preston v. Gidley*, No. 2:14-cv-10606 (E.D. Mich. 2014). The Chief Judge for the United States Court of Appeals for the Sixth Circuit at the time designated and assigned United States District Judge Gordon J. Quist from the Western District of Michigan to hear the case in this District. *See id.*, ECF No. 13. United States Magistrate Judge Ellen S. Carmody of the Western District of Michigan also was designated and assigned to hold court and perform judicial duties in this case. *See id.*, ECF No. 15.

2

Magistrate Judge Carmody issued a Report and Recommendation on the following issues: habitual offender notification; jury composition; in-court identification of Petitioner; sufficiency of the evidence; ineffective assistance of counsel; refusal to grant a change of venue; prosecutorial misconduct; and judicial misconduct. She recommended that the habeas petition be denied. *See id.*, ECF No. 28. On October 12, 2017, Judge Quist accepted Magistrate Judge Carmody's Report and Recommendation, denied Preston's habeas petition on the merits, and entered a judgment in the respondent's favor. *See id.*, ECF Nos. 30, 31.

Preston appealed Judge Quist's judgment, but the United States Court of Appeals declined to issue a certificate of appealability. *See Preston v. Smith*, No. 17-2389, 2018 WL 2222599 (6th Cir. Apr. 25, 2018). The United States Supreme Court denied Preston's subsequent petition for the writ of certiorari on October 30, 2018. *See Preston v. Smith*, 139 S. Ct. 431 (2018).

Meanwhile, Preston raised some new claims in a motion for reconsideration of Judge Quist's denial of his habeas petition. *See Preston v. Smith*, No. 2:14-cv-10606, ECF No. 48 (E.D. Mich. Apr. 27, 2018). Judge Quist transferred the motion for reconsideration to the Sixth Circuit Court of Appeals as a second or successive habeas petition. *See id.*, ECF No. 49. On November 26, 2018, the Sixth Circuit denied a certificate of appealability. *See In re Harvey Preston*, No. 18-1847 (6th Cir. Nov. 26, 2018).

Preston subsequently filed three more habeas corpus petitions that were transferred to the United States Court of Appeals for the Sixth Circuit as second or successive petitions. *See Preston v. Parish*, No. 5:20-cv-11670 (E.D. Mich. July 8, 2020); *Preston v. Davids*, No. 5:20-cv-13398 (E.D. Mich. Jan. 14, 2021); and *Preston v. Parish*, No. 5:21-cv-11256 (E.D. Mich. June 15, 2021). In each case, the Court of Appeals declined to issue a certificate of appealability. *See In re Harvey Preston*, No. 20-1641 (6th Cir. Dec. 8, 2020); *In re Harvey Preston*, No. 21-1071 (6th Cir. May 12, 2021); and *In re Harvey Preston*, No. 21-2620 (6th Cir. Sept. 23, 2021).

On September 8, 2021, Preston commenced this case, once again challenging his Oakland County convictions for carjacking, first-degree home invasion, unarmed robbery, and second-degree criminal sexual conduct. (*See* ECF No. 1 at Pg ID 1.[1]) The petition alleged as grounds for relief that: (1) the entire proceedings were not recorded; (2) he did not receive notice of the habitual enhancement; (3) the trial court lacked subject matter jurisdiction; and (4) the defense was credited with continuances that were not due to the defense. (*See id*. at Pg ID 5–10.)

---

[1] Preston filed additional habeas corpus petitions after he filed the petition in this case. Those cases also were transferred to the Court of Appeals as second or successive petitions. *See Preston v. Burgess*, No. 2:22-cv-10129 (E.D. Mich. Feb. 3, 2022); *Preston v. Burgess*, No. 5:22-cv-10579 (E.D. Mich. Mar. 22, 2022).

Preston later filed an amended habeas petition (ECF No. 6) in which he argues as grounds for relief that: (1) he never received notice of the habitual enhancement; (2) the jury was sworn in as a "hate jury;" (3) the jury was instructed by the court to use common sense; and (4) the defense was credited with continuances that were not due to the defense. (*See* Am. Pet., ECF No. 6 at Pg ID 34–39.) Preston also filed an application to proceed without prepaying fees or costs for his amended petition. (ECF No. 7.)

More recently, Preston filed an "Affidavit for Injunction TRO." (ECF No. 10.) The affidavit states that, since filing this case, Preston has experienced a continuing violation of his rights. He claims that Respondent Burgess and others have provided inadequate medical care, engaged in cruel and unusual punishment, treated him inhumanely, discriminated against him, and used torture tactics. (*See id.* at Pg ID 81.) Specifically, Preston alleges that he is escorted everywhere in handcuffs, that he cannot engage in certain activities, that his medical requests have been ignored or thrown away, and that he was given bad food which caused pain and discomfort. (*Id.*) He also claims that a correctional officer has harassed him and called him a bad name. (*Id.*) In a subsequent affidavit, Preston asks to be transferred to another prison as soon as possible because he does not feel safe at his present location. (*See* Aff./Decl., ECF No. 11 at Pg ID 99.)

## II. DISCUSSION

The Court begins its discussion by noting that state prisoners generally are entitled to only one opportunity to seek federal habeas relief from their convictions; they usually may not file a second or successive habeas corpus application. *Banister v. Davis*, 140 S. Ct. 1698, 1702 (2020) (citing 28 U.S.C. § 2244(b)). "The phrase 'second or successive application,' . . . is a 'term of art,' which 'is not self-defining.'" *Id.* at 1705 (quoting *Slack v. McDaniel*, 529 U.S. 473, 486 (2000), and *Panetti v. Quarterman*, 551 U.S. 930, 943 (2007)); *see also In re Caldwell*, 917 F.3d 891, 893 (6th Cir. 2019) (noting that § 2244(b) "limits 'second or successive' applications," but "does not define 'second or successive' ") Nevertheless, "both [28 U.S.C.] § 2254(b)'s text and the relief it provides indicate that the phrase 'second or successive' must be interpreted with respect to the judgment challenged." *Magwood v. Patterson*, 561 U.S. 320, 332–33 (2010).

A petition normally is "second or successive" if it is another attempt to invalidate the state judgment authorizing the petitioner's confinement. *In re Caldwell*, 917 F.3d at 893 (citing *Magwood*, 561 U.S. at 332–33). A petition is not second or successive when "ripeness prevented, or would have prevented, a court from adjudicating the claim in an earlier petition" or when "a federal court dismissed an earlier petition because it contained exhausted and unexhausted

claims and in doing so never passed on the merits." *In re Coley*, 871 F.3d 455, 457 (6th Cir. 2017).

Preston's current petition is another attempt to invalidate the same state-court judgment that was the subject of his first habeas corpus petition, which Judge Quist denied on the merits. He continues to be confined on that state-court judgment, and his current claims were ripe for review in 2014 when he filed his first petition. Thus, the current petition is a second or successive petition.

A habeas petitioner who wants to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). Preston has not obtained permission from the Court of Appeals to file another habeas corpus petition, and federal district courts lack jurisdiction to consider a second or successive habeas petition without prior authorization from the appropriate court of appeals. *Burton v. Stewart*, 549 U.S. 147, 149, 152 (2007); *Franklin v. Jenkins*, 839 F.3d 465, 475 (6th Cir. 2016). "[W]hen a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from [the Court of Appeals], the district court [must] transfer the document to [the Court of Appeals] pursuant to 28 U.S.C. § 1631." *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Accordingly,

**IT IS ORDERED** that the Clerk of the Court shall **TRANSFER** this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A) and *In re Sims*.

**IT IS FURTHER ORDERED** that Preston's second application to proceed without prepaying fees or costs (ECF No. 7) is **DENIED** as unnecessary, because there is no fee for filing an amended petition.

**IT IS FURTHER ORDERED** that Preston's requests for injunctive relief (ECF Nos. 10, 11) are **DENIED** because the requests challenge the conditions of confinement in prison, as opposed to, Preston's convictions or sentences. And the proper remedy for a state prisoner who is challenging the conditions of prison life, but not the fact or length of his custody, is a civil rights complaint, not a habeas petition. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973).

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: November 7, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, November 7, 2022, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager